# IN THE SUPREME COURT OF PENNSYLVANIA

## WESTERN DISTRICT

IN RE: DECLARATION OF JUDICIAL :     No. 620
EMERGENCY FOR THE TWELFTH :
JUDICIAL DISTRICT :     Judicial Administration Docket
                                                :

**PER CURIAM**

AND NOW, this 29th day of June, 2024, pursuant to Rule of Judicial Administration 1952(A) and the Pennsylvania Supreme Court's constitutionally-conferred general supervisory and administrative authority over the courts, *see* Pa. Const. art. V, §10(a) — including the Court's authority over essential records of the judiciary maintained by clerks of courts and prothonotaries — this Court FINDS and DIRECTS as follows:

At the county level, clerks of courts are executive-branch row officers who perform essential recordkeeping functions on behalf of the judiciary. *See Olenginski v. Cty. of Luzerne*, 24 A.3d 1103, 1107 & n.2 (Pa. Cmwlth. 2011) (discussing the role of a clerk of courts analogue, *i.e.*, prothonotaries) (found persuasive in *Pa. State Ass'n of Jury Commissioners v. Commonwealth*, 78 A.3d 1020, 1035 n.16 (Pa. 2013)). Given the importance of judicial records to the proper and timely administration of justice, by necessity the judiciary supervises the recordkeeping function of county clerks of courts. *See Olenginski*, 24 A.3d at 1107 & n.2.

By May 2024, the President Judge of the Dauphin County Court of Common Pleas found substantial deficiencies and an unacceptable backlog in the filing, scanning, and processing of orders and documents by the Office of the Clerk of Courts of Dauphin

County. Thus, the President Judge issued a detailed administrative order requiring corrective action. When, in the judgment of the President Judge, corrective action did not ensue, the President Judge scheduled contempt proceedings.

Those proceedings were thwarted when, as of June 28, 2024, the Clerk of Courts Bridget Whitley abruptly resigned, as did First Deputy Cole Goodman, and Second Deputy Rogette Harris was terminated by the Clerk of Courts. Thus, all leadership positions in the Office of the Clerk of Courts of Dauphin County became vacant.

This Court finds that the unprecedented and untenable leadership void in the Office of the Clerk of Courts of Dauphin County constitutes a judicial emergency, since it significantly interrupts the performance of court operations by impeding the essential recordkeeping function. *See* Pa.R.J.A. 1951 (definition of "Emergency"). Accordingly, pursuant to this Court's authority under Rule of Judicial Administration 1952(A)(1), this Court DECLARES a local judicial emergency in the Twelfth Judicial District relative to the essential recordkeeping function.

The President Judge is DIRECTED to temporarily appoint an acting Clerk of Courts to ensure that the duties assigned to the Office of the Clerk of Courts of Dauphin County are performed continuously, until such time as the executive branch appoints a replacement for the Clerk of Courts to remediate the leadership void in that county office.

This order SHALL TERMINATE upon the President Judge's certification that an orderly transition of the leadership of the office of the Clerk of Courts to the executive branch appointee has been accomplished and that the necessary support for the judiciary and the proper and timely administration of justice can be maintained.

Any objections to this Order may be submitted to the Court on this docket within ten days after entry, and shall also be served on the President Judge.